McManimon, Scotland & Baumann, LLC
427 Riverview Plaza
Trenton, NJ 08611
609-695-6070
Andrea Dobin
Michael A. Siravo IV
*Attorneys for Plaintiff,*
*Thomas J. Orr, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MIRIAM R. ALTENBURG,<br><br>Debtor. | Case No. 18-33286 (CMG)<br><br>Chapter 7<br><br>Honorable Christine M. Gravelle, U.S.B.J. |
| THOMAS J. ORR, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>CARL H. ALTENBURG,<br><br>Defendant. | Adv. Pro. No. 19- |

**COMPLAINT FOR AUTHORITY TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

Thomas J. Orr, Chapter 7 Trustee (the "Trustee") in the Chapter 7 bankruptcy proceeding of Miriam R. Altenburg (the "Debtor"), by and through his counsel, McManimon, Scotland & Baumann, LLC, and by way of complaint (the "Complaint") against defendant, Carl H. Altenburg (the "Defendant"), respectfully avers as follows:

## PARTIES

1. On November 27, 2018, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code 11 U.S.C. § 101 in the United States Bankruptcy Court for the District of New Jersey.

2. On June 18, 2019, the Debtor's case was voluntarily converted from Chapter 13 to Chapter 7.

3. On June 18, 2019, the Trustee was appointed to serve as the Chapter 7 Trustee. The Trustee is duly qualified and currently serves as the Trustee.

4. Along with the Debtor, the Defendant is the one-half record owner of certain real property located at 62 Cox Cro Road, Toms River, NJ 08755 (the "Property").

5. The Defendant is the Debtor's husband.

6. The Defendant is incarcerated and does not reside at the Property.

## JURISDICTION AND VENUE

7. This is a core proceeding brought pursuant to Fed. R. Bankr. P. 7001, 11 U.S.C. §§ 105, 363, and 28 U.S.C. § 157(b)(2)(A), (N) and/or (O).

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

9. The venue of this proceeding is in the District Court of New Jersey pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

10. On December 10, 2018, the Debtor filed Schedule A/B and listed the value of the Property as $540,000.

11. Upon information and belief, the Property has a current market value of approximately $628,000.

12. Mortgage Electronic Registration Systems, Inc. as designated nominee for Integrated Financial Group Inc. (the "Lender") holds a mortgage lien on the Property (the "Mortgage").

13. Upon information and belief, the balance due on the Mortgage is approximately $366,838.14.

14. Upon information and belief, the Debtor has not made any payments as to the Mortgage on the Property for approximately one (1) year.

15. On August 14, 2017, Garden State Yacht Sales, LLC ("GSYS") initiated a lawsuit against the Defendant and the Debtor in the Superior Court of New Jersey, bearing Docket Number OCN-L-2331-17 (the "State Litigation").

16. According to the complaint in the State Litigation, the Defendant was a former employee of GSYS and embezzled $354,000 from GSYS.

17. According to the complaint in the State Litigation, the Debtor received and/or benefitting from the proceeds of the money the Defendant embezzled.

18. On November 17, 2017, a judgment was entered in the State Litigation in favor of GSYS and against the Defendant and the Debtor in the amount of $354,381.07 (the "Judgment"). Liability on the Judgment is joint and several.

19. The Judgment continues to accrue interest.

20. The Judgment constitutes a valid lien against the Defendant's interest in the Property. As a result of the size and attachment of the Judgment, the Defendant has no equity in the Property.

21. The Judgment is an unperfected lien against the Debtor's interest in the Property such that the Trustee can sell free and clear of it.

22. The Trustee anticipates he will have the consent of all judgment creditors to sell the Defendant's one-half interest in the Property free and clear of all judgment liens by the time of sale.

23. Because the Defendant is incarcerated and does not reside at the Property, a sale of the Property would not be a significant detriment to the Defendant.

## COUNT ONE
### (Authority to Sell Co-Owner's Interest Pursuant to 11 U.S.C. § 363(h))

24. The Trustee repeats and realleges the allegations set forth in Paragraphs 1 through 23 as set forth at length herein.

25. The Debtor and the Defendant are both record owners of the Property.

26. The Trustee seeks to sell the Defendant's interest in the Property at the same time that he sells the Debtor's interest for the benefit of the Estate and its creditors.

27. Upon information and belief, the Property is a single-family residence making partition impracticable.

28. Upon information and belief, the sale of the Estate's interest in the Property would yield significantly less for the Estate than the sale of the Property free of the interest of the Defendant.

29. Upon information and belief, the benefit to the Estate of the sale of the Property free of the interest of the Defendant outweighs the detriment, if any, to the Defendant from the loss of the Property.

30. Upon information and belief, the Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

a. Authorizing the Trustee to sell the Defendant's interest in the Property, together with the Estate's interest therein;

b. Awarding attorneys' fees and costs; and

c. Granting such other and further relief as is just and appropriate.

MCMANIMON, SCOTLAND & BAUMANN, LLC
*Attorneys for Plaintiff,*
*Thomas J. Orr, Chapter 7 Trustee*

Dated: August 12, 2019          By: _____*/s/ Michael A. Siravo IV*_____
                                    MICHAEL A. SIRAVO IV